UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID C LETTIERI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:26-10533-JCB |
| ) | |
| KEEFE GROUP, et al., ) | |
| ) | |
| Defendants. ) | |

ORDER
February 5, 2026

Boal, M.J.

On January 9, 2026, David Lettieri, a federal prisoner in custody at FMC Devens in Ayer, Massachusetts, filed a complaint [ECF No. 1] and a motion to proceed *in forma pauperis* [ECF No. 2], with the United States District Court for the Eastern District of Missouri. On January 13, 2026, the case was ordered transferred to this district. Opinion, Memorandum and Order of Transfer [ECF No. 3], No. 4:26-cv-00034 (E.D. Mo. Jan. 13, 2026). Among other things, the order provisionally allowed Lettieri's motion to proceed *in forma pauperis* subject to modification by the United States District Court for the District of Massachusetts. Id.

For the reasons set forth below, and upon reconsideration, I will deny the motion without prejudice and give Lettieri the opportunity to show why he should not be required to pay the $405 filing fee before continuing prosecution of this action.

Under the Prison Litigation Reform Act, a prisoner bringing a non-habeas action generally cannot proceed *in forma pauperis* if he has, on three or more prior occasions, filed an action or appeal that was dismissed on the ground that it was frivolous, malicious, or failed to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(g). When a prisoner has

three such prior dismissals, he may only proceed *in forma pauperis* if he is "under imminent danger of serious physical injury" with regard to the misconduct alleged in the complaint. Id.; see also Pettus v. Morgenthau, 554 F.3d 293, 297 (2d Cir. 2009) (holding that "there must be a nexus between the imminent danger a three-strikes prisoner alleges to obtain IFP status and the legal claims asserted in his complaint").

Lettieri has, while a prisoner, filed three or more actions in federal district courts that were dismissed for failure to state a claim upon which relief may be granted. See Lettieri v. Daniels, C.A. No. 23-00867, ECF No. 3 (W.D.N.Y Nov. 16, 2023); Lettieri v. Reynolds, C.A. No. 23-00925, ECF No. 4 (W.D.N.Y. Nov. 17, 2023); Lettieri v. Northeast Ohio Corr. Ctr., C.A. No. 23-01690, ECF No. 5 (N.D. Ohio Nov. 22, 2023); Lettieri v. Federal Marshals, C.A. No. 23-01872, ECF No. 6 (N.D. Ohio Nov. 30, 2023); Lettieri v. New York State Troopers, C.A. No. 23-02077, ECF No. 4 (N.D. Ohio Nov. 21, 2023); Lettieri v. Northeast Ohio Corr. Ctr., C.A. No. 23-02172, ECF No. 4 (N.D. Ohio Dec. 11, 2023).

In addition, this Court has already determined that Lettieri is a "three strikes" litigant, Lettieri v. Santander, C.A. No. 24-10361-AK, ECF No. 4 (D. Mass. Mar. 15, 2024). The United States Court of Appeals for the First Circuit has come to the same conclusion, see Lettieri v. Santander Bank N.A., No. 24-1781 (1st Cir. June 18, 2025) ("We dismiss the appeal because . . . Lettieri . . . has not shown why the appeal should be permitted to proceed without payment of the full filing fee despite his 'three-strikes' status").

Lettieri alleges in the complaint that he is dissatisfied with his purchase of a television show for viewing on a tablet, ECF No. 1, ¶¶ 5-15, and that certain defendants "threatened" to transfer him to another facility where he could "be stabbed" and could not "yell for help," and

2

was placed in a unit where he had "been assaulted to where wrist were bleeding and had cough[ed]up blood [and where] medical didn't care." Id. at ¶¶ 16-17.

Because Lettieri has incurred three or more "strikes" and is not "under imminent danger of serious physical injury" vis-à-vis the claims in his complaint, the Court must deny the motion for leave to proceed *in forma pauperis*.

Accordingly, upon reconsideration, the motion for leave to proceed *in forma pauperis* is DENIED without prejudice. If Lettieri wishes to procced with this action, he must, within twenty-eight (28) days, pay the $405 filing fee or show good cause why he should not be required to do so. Failure to do so may result in dismissal of this action by a District Judge.

SO ORDERED.

/s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge